```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
WELLS FARGO BANK, N.A.,

                        Plaintiff,                          MEMORANDUM & ORDER
        - against -                                         19-CV-5329 (PKC) (RER)

KRENZEN AUTO INC. and DENIELLE
MITCHELL,

                        Defendants.
--------------------------------------------------------x
```

PAMELA K. CHEN, United States District Judge:

Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") brought this interpleader action pursuant to 28 U.S.C. §§ 1335 and 2361, seeking to deposit $17,754.28 of disputed funds with the Court. (*See generally* Complaint ("Compl."), Dkt. 1.) Entries of default having been issued against Defendants Krenzen Auto Inc. ("Krenzen") and Denielle Mitchell (Dkts. 14, 18), Wells Fargo now moves for interpleader deposit and default judgment (Dkts. 19, 22). For the reasons set forth below, the Court grants Wells Fargo's motions.

## BACKGROUND[1]

Wells Fargo is a South Dakota-based[2] national banking association with which both Defendants have accounts. (Compl., Dkt. 1, ¶¶ 1, 4, 10, 11.) Defendant Krenzen is a Delaware

---

[1] The Court accepts all well-pleaded factual allegations in the complaint as true, summarizing them here where relevant. *See Nero v. Law Office of Sam Streeter, P.L.L.C.*, 655 F. Supp. 2d 200, 204 (E.D.N.Y. 2009) ("[W]hen the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (quotation omitted)).

[2] Though Wells Fargo alleges in its Complaint that it is a citizen of South Dakota, the state in which its main office is located (Compl., Dkt. 1, ¶ 4), the Court notes that a corporation is "a citizen of every State or foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1). Wells Fargo does not indicate in its Complaint the state(s) in which it is incorporated. (*See generally* Compl., Dkt. 1.)

1

corporation with its principal place of business in Minnesota. (*Id.* ¶ 6.) Defendant Mitchell is a resident and citizen of New York. (*Id.* ¶ 5.) On July 16, 2019, Mitchell's Wells Fargo Everyday Checking Account (the "Mitchell Account") received a wire transfer of $17,940 from Krenzen's Wells Fargo Choice 4 Commercial Checking Account (the "Krenzen Account"). (*Id.* ¶¶ 10–12.) Wells Fargo subsequently received a request from Krenzen to recall the wire on the basis of fraud. (*Id.* ¶ 13.) Following that request, Wells Fargo restrained the remaining wire proceeds of $17,754.28[3] in the Mitchell Account. (*Id.* ¶ 14.) Due to Krenzen's recall request and Mitchell's refusal to allow Wells Fargo to debit the Mitchell Account and return the restrained funds back to Krenzen, there is a dispute regarding who, as between Mitchell and Krenzen, is entitled to the funds. (*See id.* ¶¶ 15–16.)

Wells Fargo filed the instant action on September 18, 2019, seeking to interplead the disputed funds into the Court Registry to allow Mitchell and Krenzen to make their respective claims for the funds, and discharge Wells Fargo from any liability to either Defendant in connection with the disputed funds. (*See generally* Compl., Dkt. 1.) Wells Fargo filed an Affidavit of Service confirming that a true copy of, *inter alia*, the Summons, Complaint, and Civil Cover Sheet were served on Defendant Krenzen on September 25, 2019 (Dkt. 9) and an Affidavit of

---

However, this omission does not detract from the Court's jurisdiction pursuant to 28 U.S.C. § 1335, for which "the citizenship of the plaintiff-stakeholder is irrelevant." *See Madison Stock Transfer, Inc. v. Exlites Holdings Int'l, Inc.*, 368 F. Supp. 3d 460, 484 (E.D.N.Y. 2019) (alteration, internal quotation, and citation omitted); *see also First Reliance Standard Life Ins. Co. v. Virtuecunningham*, 14-CV-6970 (NG) (RML), 2015 WL 9595404, at *3 (E.D.N.Y. Nov. 20, 2015) ("The requisite diversity exists if at least two of the adverse claimants are citizens of different states, without regard to the citizenship of other claimants or the stakeholder." (quoting *New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 95 n.5 (2d Cir. 1983))). As discussed *infra*, jurisdiction is proper pursuant to 28 U.S.C. § 1335.

[3] The Court assumes that the $185.72 difference between the deposited amount and the restrained amount is due to a withdrawal from or charges to the Mitchell Account.

Service confirming the same as to service on Defendant Mitchell on January 13, 2020 (Dkt. 15). The applicable time limit for answering or otherwise responding to the Complaint has expired for both Defendants, and the Clerk of Court entered certificates of default as to Defendant Krenzen on December 30, 2019 (Dkt. 14) and Defendant Mitchell on February 11, 2020 (Dkt. 18). Wells Fargo moved for interpleader deposit (Dkt. 19) and default judgment (Dkt. 22) on March 13, 2020, and submitted a statement of attorney's fees on December 23, 2020 (Dkt. 26).

## DISCUSSION

### I. Interpleader

"[I]nterpleader is designed to 'protect stakeholders from undue harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim among many has merit.'" *Fidelity Brokerage Servs., LLC v. Bank of China*, 192 F. Supp. 2d 173, 177 (S.D.N.Y. 2002) (citing *Wash. Elec. Coop. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 679 (2d Cir. 1993)). "An interpleader complaint generally involves a two-stage inquiry. The first stage requires the stakeholder to demonstrate that the requirements for interpleader have been met and that it is entitled to a discharge. The second stage determines the adverse claims between the claimants." *Seldon Clean Water Prod. (Asia) L.P. v. Taran*, No. 18-CV-4853 (BMC), 2019 WL 1118043, at *2 (E.D.N.Y. Mar. 11, 2019) (citing *New York Life Ins. Co. v. Connecticut Development Authority*, 700 F.2d 91 (2d Cir. 1983)).

Wells Fargo invokes statutory interpleader jurisdiction pursuant to 28 U.S.C. §§ 1335 and 2361. Statutory interpleader pursuant to 28 U.S.C. § 1335 has three jurisdictional requirements: "1) the amount in controversy must be $500 or more; 2) the two or more adverse claimants claiming entitlement to the amount in controversy must be of diverse citizenship; and 3) the plaintiff must deposit either the amount at issue, or an appropriate bond, with the court." *Madison Stock Transfer*, 368 F. Supp. 3d at 484 (quoting *Hartford Life Ins. Co. v. Simonee*, No. 14-CV-

7520 (SJF) (ARL), 2015 WL 8490998, at *2 (E.D.N.Y. Dec. 10, 2015)); *see also United States v. Barry Fischer Law Firm, LLC*, No. 10-CV-7997 (TPG), 2011 WL 31545, at *3 (S.D.N.Y. Jan. 5, 2011) ("The party who must satisfy these [statutory interpleader jurisdictional] requirements . . . is the party who files the interpleader complaint, not any particular party making a claim on the fund[.]"); *New York Life Ins. Co. v. Apostolidis*, 841 F. Supp. 2d 711, 716 (E.D.N.Y. 2012).

This action satisfies these three requirements. First, the amount in controversy is $17,754.28, which exceeds $500. Second, Wells Fargo alleges that Krenzen is a citizen of Delaware with its principal place of business in Minnesota, and Mitchell is a citizen of New York; these adverse claimants are diverse from each other. Wells Fargo, on the other hand, "is a neutral party that takes no position as to the proper disbursement of the proceeds of the bond, against which there are multiple and competing claims." *Great Am. Ins. Co. v. Gold Coast Exp. Inc.*, No. 12-CV-4847 (DRH) (ARL), 2015 WL 1039770, at *3 (E.D.N.Y. Mar. 10, 2015). And third, Wells Fargo seeks to deposit the disputed funds with the Court. (*See* Notice of Interpleader Motion, Dkt. 19.) This Court thus has jurisdiction pursuant to 28 U.S.C. § 1335.

"Once subject matter jurisdiction is established, the first-stage inquiry asks only if [P]laintiff may be exposed to double or multiple liability." *Seldon Clean Water Prod. (Asia) L.P.*, 2019 WL 1118043, at *2 (alteration, internal quotation, and citation omitted). Here, Wells Fargo could be subject to competing claims by Krenzen and Mitchell to the funds, and therefore could be subject to double liability. The Court thus grants Wells Fargo's request to be dismissed from this action, and to be awarded reasonable attorney's fees and costs. *See Marcus v. Dufour*, 796 F. Supp. 2d 386, 390 (E.D.N.Y. 2011) ("Generally, once an interpleader plaintiff has satisfied the jurisdictional requirements of an interpleader claim, the Court will discharge the plaintiff from liability and dismiss [it] from the case." (citations omitted)).

4

Although the first stage in the interpleader complaint has been satisfied, the Court cannot proceed to the second stage and analyze the merits of the competing claims to the disputed funds because neither claimant has appeared in this action; hence, Wells Fargo's motion for default judgment (Dkt. 22). Under Federal Rule of Civil Procedure ("Rule") 55(a), the procedure for default judgment against a party who "fail[s] to plead or otherwise defend" in a matter includes two steps: "first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop*, 645 F.3d 114, 128 (2d Cir. 2011) (quotation omitted). "The first step, entry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *Id.* "[A] party's default is deemed to constitute a concession of all well[-]pleaded allegations of liability." *United States v. DiPaolo*, 466 F. Supp. 2d 476, 482 (S.D.N.Y. 2006) (quotation omitted).

"The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the Court decides it is entitled, to the extent permitted by [Rule] 54(c)."[4] *Mickalis*, 645 F.3d at 128. "[T]he decision to grant a motion for a default judgment lies in the sound discretion of the trial court." *O'Callaghan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007). Default judgments "track[] the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party." *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004).

---

[4] Rule 54(c) provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c).

5

As discussed above, Wells Fargo has sufficiently pled an interpleader action pursuant to 28 U.S.C. § 1335. In an interpleader action, the failure of a claimant defendant "to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted." *Metro. Life Ins. Co. v. Little*, No. 13-CV-1059 (BMC), 2013 WL 4495684, at *2 (E.D.N.Y. Aug. 17, 2013) (citations omitted); *see also Great Am. Ins. Co. v. Gold Coast Exp. Inc.*, No. 12-CV-4847 (DRH) (ARL), 2015 WL 1039770, at *3 (E.D.N.Y. Mar. 10, 2015) ("[T]here can be no question that the defaulting defendants have forfeited any claim to the proceeds.").

Normally, "[i]f all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund." *Metro. Life Ins. Co.*, 2013 WL 4495684, at *2 (alteration omitted) (quoting *Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n. 4 (4th Cir. 1984)). Here, however, neither interpleader Defendant has made an appearance in this action, despite being properly served, and certificates of default have been granted as to both. Thus, both Defendants Krenzen and Mitchell have forfeited any claims to the disputed funds, and default judgment is entered against both of them. Furthermore, as Wells Fargo has satisfied the requirements for interpleader deposit and will be discharged, no party remains associated with this action and the case is now closed. However, the Court grants Defendants leave to move to reopen the case within ninety (90) days.

## II. Attorney's Fees

In general, a reasonable award of attorney's fees and costs in an interpleader action is appropriate where the court finds that the interpleader plaintiff is: "(1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability." *Apostolidis*, 841 F. Supp. 2d at 721 (quoting *Septembertide Pub., B.V.*

6

*v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2d Cir. 1989)). Wells Fargo has satisfied each of these requirements. *See supra.*

However, "the decision to award fees and costs is left to the sound discretion of the district court" and "courts need not award attorneys' fees in interpleader actions where the fees are expenses incurred in the ordinary course of business." *Metro. Life Ins. Co. v. Mitchell*, 966 F. Supp. 2d 97, 104 (E.D.N.Y. 2013) (alterations and internal quotation marks omitted). In particular, courts generally decline to award attorney's fees and costs where "the issues presented are not complex, the suit does not present any unique problems, and only a modest amount of funds are at stake." *PVH Corp. v. Houle*, No. 16-CV-1401 (RJS), 2017 WL 991107, at *1 (S.D.N.Y. Feb. 15, 2017) (internal quotation marks and citation omitted); *see also Estate of Ellington v. EMI Music Publ'g*, 282 F. Supp. 2d 192, 194 (S.D.N.Y. 2003) ("The typical interpleader claim does not involve extensive or complicated litigation, and thus fees should be relatively modest." (internal quotations and citations omitted)). Moreover, since a typical interpleader relieves the company of "multiple suits" and discharges the company from liability, courts have concluded that "such actions are brought primarily in the company's own self-interest." *Metro. Life Ins. Co.*, 966 F. Supp. 2d at 105 (alterations, internal quotation marks, and citations omitted).

Wells Fargo requests $6,676.87, comprising $5,708.60 in attorney's fees and $968.27 in costs. (Bill of Costs, Dkt. 26, at ECF 2.) In support of its request, Wells Fargo has submitted monthly invoices that detail the time its counsel spent on this matter, and the costs incurred. (*See generally id.*) Below is a breakdown, by person, of the hourly rates and number of hours spent on this matter, based on the submitted invoices.

| Name | Role | Hourly Rate | Hours | Fees |
|---|---|---:|---:|---:|
| Amy Rubin | Attorney | $415 | 0.2 | $83.00 |
| Seth Burack | Attorney | $252–56 | 4.3 | $1,087.20 |
| Alexandra Sobol | Attorney | $269–72 | 11.4 | $3,080.70 |
| H.E. Maxwell | Paralegal | $176–224 | 1.7 | $380.80 |
| R. Gee | Paralegal | $176–224 | 1.6 | 284.90 |
| A. M. Guillermo | Paralegal | $176–224 | 4.5 | $792.00 |
| | | Total | 23.7 | $5,708.60 |

Though Wells Fargo retained its attorneys at a discounted rate, the amount it requests in fees and expenses equates to 32.2% of the disputed funds. The Court finds such an award to be excessive in light of the modest amount of work required in this case. *See Weininger v. Castro*, 462 F. Supp. 2d 457, 502 (S.D.N.Y. 2006) ("In the usual [interpleader] case the attorney's fee will be relatively modest, inasmuch as all that is necessary is the preparation of a petition, the deposit in court or posting of a bond, service on the claimants, and the preparation of an order discharging the stakeholder." (alterations and citation omitted)); *see also Solar Spectrum LLC v. AEC Yield Capital LLC*, No. 18-CV-7950 (GBD) (JLC), 2019 WL 5381798, at *7 (S.D.N.Y. Oct. 22, 2019) ("Considering the equitable nature of interpleader relief and the relatively small amount of funds available to the vying claimants, the Court finds that it would be unfair and inequitable to deplete over 25% of the Disputed Funds by awarding them as attorneys' fees and costs." (internal quotations, alterations, and citation omitted)). At the same time, the Court notes that because a minimum amount of work is necessary to pursue any interpleader action, where the amount of disputed funds is relatively small, the resulting percentage of attorney's fees will necessarily be higher.

Wells Fargo's filings in this case consisted of a five-page complaint (Dkt. 1), a two-page letter objecting to the magistrate judge's *sua sponte* recommendation to dismiss the case for failure to prosecute (Dkt. 10), a three-page request to serve Defendant Mitchell via email (Dkt. 13), a one-page motion for interpleader deposit (Dkt. 19), a six-page memorandum in support of its motion

8

for interpleader deposit (Dkt. 20), a one-page motion for default judgment (Dkt. 22), a two-page proposed judgment (Dkt. 22-1), and several declarations in connection with its motions for interpleader deposit and default judgment (Dkts. 12, 17, 21, 23, 24). In sum, the filings were straightforward, and did not involve any complex or novel issues of law.

"[D]istrict courts in our Circuit regularly employ percentage reductions as an efficient means of reducing excessive fee applications." *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 150 (2d Cir. 2014) (collecting cases). The Court thus reduces the requested amount by 20%, and awards Wells Fargo $5,341.50 in attorney's fees and costs. *Cf. Hoffman v. Toms*, No. 98-CV-6241 (LAK), 2000 WL 246408, at *2 (S.D.N.Y. Mar. 3, 2000) (awarding $4,000 in attorney's fees where the requested amount was "excessive given the simplicity of" bringing an interpleader action); *Johnson v. Electrolux Corp.*, 763 F. Supp. 1181, 1189 (D. Conn. 1991) (awarding $1,000 in fees and costs rather than the requested $7,422.07 because the "interpleader was simple, requiring no discovery and no complex legal research"); *GOAT, Inc. v. Four Finger Art Factory, Inc.*, No. 01-CV-10079, 2002 WL 31684400 (S.D.N.Y. Nov. 25, 2000) (awarding $7,000 in fees and costs rather than the requested $27,583.10 where "[t]he work for which [counsel] is being compensated consists primarily of the drafting of the interpleader complaint and the appearance at a conference before the Magistrate Judge," and the requested amount exceeded 20% of the total funds).

## CONCLUSION

For the foregoing reasons, Wells Fargo's motions for default judgment and interpleader deposit are granted. Wells Fargo is awarded judgment against Defendants Mitchell and Krenzen, and shall deposit the disputed funds less the awarded attorney's fees and costs, *i.e.*, $12,412.78, into the Court Registry by March 9, 2021. After such deposit, Wells Fargo shall be released from any further liability concerning the disputed funds. The Clerk of Court is respectfully requested to enter judgment and close this case. In the event either Defendant wishes to challenge the default judgment, they may move to reopen this case within ninety (90) days.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 23, 2021
　　　Brooklyn, New York